**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**FIDELITY & GUARNTY INSURANCE COMPANY**

      **Plaintiff,**

**-vs-**                                             **Case No. 6:09-cv-595-Orl-31KRS**

**FORD MOTOR COMPANY,**

      **Defendant.**
_____

# ORDER

This matter came before the Court without oral argument upon consideration of Defendant's, Ford Motor Company ("Ford"), Motion to Dismiss (the "Motion") (Docs. 4 and 10), and Plaintiff's, Fidelity & Guaranty Insurance Company ("Fidelity") response in opposition thereto (the "Response") (Doc. 20).

**I. Overview**

This case arises out of Ford's alleged failure to defend and indemnify one of its dealerships, Heintzelman's Truck Center, Inc. ("Heintzelman's"), after a personal injury suit was brought against Heintzelman's, Ford, and Bridgestone-Firestone.[1] Count I of Fidelity's Amended Complaint asserts that Ford breached its Sales and Service Agreement with Heintzelman's by failing to defend and indemnify Heitnzelman's in the underlying lawsuit (Doc. 3, ¶¶ 26 – 32). Count II asserts that Ford breached its Assumption of Defense Agreement with Heintzelman's by

_____

[1] *See Thompson et al. v. Bridgestone/Firestone, Inc.*, Case No. 48-2001-CA-7891 (Fla. 9th Cir. Ct. 2001) [hereinafter the "underlying lawsuit"].

failing to defend and indemnify Heitnzelman's in the underlying lawsuit (Doc. 3, ¶¶ 33 – 37). Count III asserts a claim for common law indemnification arising out of Ford's alleged failure to defend and indemnify Heitnzelman's in the underlying lawsuit (Doc. 3, ¶¶ 38 – 41). Count IV asserts a claim for deceptive and unfair trade practices under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") arising out of Ford's decision to re-tender its defense and indemnification of the underlying lawsuit to Heitnzelman's (Doc. 3, ¶¶ 42 – 50). Count V asserts a claim for breach of the implied covenant of good faith and fair dealing arising out of Ford's alleged breach of the Assumption of Defense Agreement (Doc. 3, ¶¶ 51– 56).

In its Motion, Ford moves the Court to dismiss Counts IV and V of the Amended Complaint (Doc. 10 at 6).[2]

## II. Procedural History, Subject Matter Jurisdiction, and Choice of Law

### A. Procedural History

This case was originally brought in state court on October 22, 2008 by three plaintiffs: Heintzelman's, Fidelity, and Arrowood Surplus Lines Insurance Company ("Arrowood") (Docs. 1 and 3 at 1). Arrowood and Heintzelman's were voluntarily dismissed from the state court action on March 6, 2009 and March 24, 2009, respectively, leaving only Fidelity, as subrogee of Heintzelman's, as a party plaintiff (Doc. 1, ¶ 2). Ford removed the state court action to this Court on April 3, 2009 (Doc. 1). Fidelity has not contested Ford's removal and the time for doing so has now passed. *See* 28 U.S.C. § 1447(c).

---

[2]Although Ford originally moved to dismiss the entire Amended Complaint, it has since conceded that portions of its original Motion to Dismiss (Doc. 4) are "no longer viable" (Doc. 10 at 2) given changes in the procedural posture of this case after the removal of this matter to federal court.

### B. Subject Matter Jurisdiction

Plaintiff Fidelity is a corporation organized under the laws of the State of Iowa and with its principal place of business in the State of Iowa. Fidelity is therefore a citizen of the State of Iowa. Defendant Ford is a corporation organized under the laws of the State of Delaware and with its principal place of business in the State of Michigan. Ford is therefore a citizen of the State of Delaware and the State of Michigan. Accordingly, there is complete diversity of citizenship between the parties. U.S. CONST., art. III, § 2; 28 U.S.C. § 1332(c)(1).

Fidelity has admitted, in its sworn answers to Ford's interrogatories, that the amount in controversy in this case exceeds $75,000,00.00 (Doc. 1-2 at 1-5).

Based on the foregoing, the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1).

### C. Choice of Law

Both parties appear to agree that Florida substantive law is controlling with respect to all claims in the Amended Complaint.

## III. Standard of Review

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969). However, "conclusory allegations, unwarranted

factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555.

**IV. Analysis**

    **A. Count IV - FDUTPA Claim**

FDUTPA makes it unlawful to engage in "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." FLA. STAT. 501.204(1). To state a claim under FDUTPA, a party must generally allege: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *See*, *e.g.*, *Rollins, Inc. v. Butland*, 951 So.2d 860, 869 (Fla. 2d DCA 2006); *see also* FLA. STAT. § 501.201 *et seq.*. A deceptive act is an act that is likely to mislead consumers and an unfair practice is a practice that offends established public policy and is otherwise "immoral, unethical, oppressive,

unscrupulous or substantially injurious to consumers." *Rollins, Inc.*, 951 So.2d at 869 (citations and quotations omitted). A "consumer" is defined to include, *inter alia*, individuals, businesses, corporations, or any commercial entities. FLA. STAT. § 501.203(7). Finally, FDUTPA defines "trade or commerce" to include "advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated...." FLA. STAT. 501.203(8).

In pertinent part, Count IV of the Amended Complaint alleges that:

> 45. Ford's decision to promote its own self interest by unilaterally voiding its obligations to defend and indemnify Heintzelman's was unfair and deceptive. Ford made a discretionary decision to re-tender the defense and indemnification of Heintzelman's based on a contractual provision that it authored intentionally without defined standards. Accordingly, Ford's failure to defend and indemnify Heintzelman's was unfair and deceptive, in violation of FDUTPA.
>
> 46. Alternatively, Ford's intentional and deceitful practice of using the Sales and Service Agreement and/or Assumption of Defense Agreement as a mechanism for Ford to control Heinztelman's role in the litigation until such time that Ford would unilaterally declare that provisions in those agreement(s) justified denying indemnity to Heintezlman's, was unfair and deceptive.

(Doc. 3, ¶¶ 45 – 46).

Ford contends that Count IV fails to state claim for relief because the transactions at issue, namely the Sales and Service Agreement and the Assumption of Defense Agreement, do not constitute "trade or commerce" within the meaning of FDUTPA (specifically, FLA. STAT. 501.203(8)). (Doc. 10 at 3-4). With respect to the Sales and Service Agreement, in particular, Ford argues that "Heintzelman's became a dealer and distributor of goods and services, <u>not</u> the purchaser of goods and services from Ford" (Doc. 10 at 3). With respect to the Assumption of

Defense Agreement, Ford argues that the agreement "does not represent any sale of any good or service by Ford to Heintzelman's" (Doc. 10 at 4). Other than its argument concerning the statutory text of FDUTPA, Ford provides no other grounds for dismissing Plaintiff's FDUTPA claim.

Upon review, Ford's statutory argument is without merit. Notwithstanding the fact that Ford fails to provide any legal authority for the proposition that the Sales and Service Agreement and the Assumption of Defense Agreement do not constitute "trade or commerce" within the meaning of FDUTPA, both agreements clearly contemplated, *inter alia*, that Ford would provide services to Heintzelman's. These services included defending and indemnifying Heintzelman's from losses, damages or expenses, "including costs and attorney's fees, resulting from or related to lawsuits, complaints or claims commenced against [Heintzelman's] by third parties..." (Doc. 3 at 16). Such services clearly constitute "trade or commerce" within the meaning of FLA. STAT. 501.203(8). Although the Court has serious misgivings about whether a party can convert what would otherwise appears to be a single, garden variety breach of contract claim into a "deceptive and unfair trade practice," on the limited argument currently before the Court, Ford's Motion will be denied with respect to Count IV.

### B. Count V – Breach of the Implied Covenant of Good Faith and Fair Dealing

While every contract contains an implied covenant of good faith and fair dealing under Florida law, a breach of this covenant – standing alone – does not create an independent cause of action. *Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F.3d 1146, 1151 (11th Cir. 2005). To state a claim for the breach of the implied covenant of good faith and fair dealing, a party must allege, *inter alia*, that an express term of the contract has been breached. *Snow v. Ruden, McCloskey, Smith, Schuster & Russell*, 896 So. 2d 787, 792 (Fla. 2d DCA 2005).

Here, Fidelity alleges that "Ford unilaterally determined that facts indicated that Heintzelman's was independently liable for damages suffered by the [plaintiffs in the underlying lawsuit], and that [Ford] was therefore no longer required to perform its contractual obligations to defend and indemnify Heintzelman's in the matter" (Doc. 3, ¶ 54). Clearly, this allegation refers to a breach of paragraph three of the Assumption of Defense Agreement, which, in pertinent part, states:

> The agreement to defend and indemnify will remain in effect only so long as the facts continue to indicate, as they do now, that [Heintzelman's] has no independent liability for any of the damages suffered or claimed by plaintiffs. . . In the event Ford becomes aware of new and credible evidence suggesting that Ford and the dealer no longer have a unity of interest in the defense of this case, Ford shall have the right, at its sole option, to withdraw from the defense and indemnification of [Heintzelman's].

(Doc. 3 at 32).

Based on the preceding contractual provision, Count V further alleges that, "The fact is that there were never any credible facts indicating that Heintzelman's was independently liable. Nevertheless, Ford used its own discretion to make the determination that those facts existed, and unilaterally voided its contractual obligations on that basis" (Doc. 3, ¶ 55).

Ford contends that Count V fails to allege that Ford breached an express term of the agreement (Doc. 10 at 4-5). Although Ford admits that the Amended Complaint "alleges that Ford re-tendered Heintzelman's defense...after Ford determined facts indicated that Heintzelman's was independently liable for damages suffered by the [plaintiffs]," Ford contends that the express language of the Assumption of Defense Agreement permitted Ford to withdraw its defense "at its sole option" (Doc. 10 at 5, citing Doc. 3 at 32). Thus, provided Ford had determined that "new

and credible evidence" suggested that the parties' interest were no longer unified, Ford could withdraw its defense any time (Doc. 10 at 5).

Upon review, Count V fails to state a claim for a breach of the implied covenant of good faith and fair dealing. Although paragraph three of the Assumption of Defense Agreement provided Ford with the "right, at its sole option," to withdraw its defense and indemnification, this right could only be exercised upon Ford's determination that the facts no longer indicated that Heintzelman's had no independent liability in the underlying lawsuit (or that Ford and Heintzelman's no longer shared "a unity of interest in the defense of the case"). This determination, however discretionary it may have been on the part of Ford, is part and parcel of Plaintiff's breach of contract claim. Indeed, assuming the fact finder in this case determines that Ford had "new and credible evidence" that the unity of interests shared between the parties had ceased, then Plaintiff's breach of contract claim fails. Because the good faith aspect of the parties' relationship was already encompassed by the express terms of the contract, the implied covenant of good faith and fair dealing is simply not applicable in this case. Accordingly, Ford's Motion with respect to Count V will be granted.

**V. Conclusion**

Based on the foregoing, it is **ORDERED** that Defendant's, Ford Motor Company, Motion to Dismiss (Doc. 4) is **GRANTED** in part and **DENIED** in part. It is **FURTHER ORDERED** that Count V is hereby **DISMISSED** with prejudice.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 21, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE